HENRY CLEWS & COMPANY, plaintiffs in error, *vs.* THE BRUNSWICK AND ALBANY RAILROAD COMPANY *et al.*, defendants in error.

Where a creditor's bill was filed against a railroad company and a decree had, adjudicating the dignity and priority of the various claims before the Court, and directing the sale of the road, a creditor, who was a party to such decree, cannot subsequently, but before the distribution of the proceeds of such sale, by an amendment to the original bill, set up a preferred claim, held by him as collateral security for the indebtedness passed upon by such decree.

Equity. Debtor and creditor. Amendment. Before Judge SCHLEY. Glynn Superior Court. November Term, 1873.

For the facts of this case, see the decision.

DANIEL S. PRINTUP ; A. J. SMITH, for plaintiffs in error.

O. A. LOCHRANE ; A. O. BACON ; THOMAS J. SIMMONS ; J. C. NICHOLS, for defendants.

WARNER, Chief Justice.

A creditor's bill was filed against the Brunswick and Albany Railroad Company, and a final decree was had in the cause adjudicating the rights of the respective parties before the Court, the dignity and priority of their claims as creditors of the company, which directed the road of the company to be sold, and which was sold under said decree. Henry Clews & Company were parties to that bill, presented their claim against the company, which was adjudicated by that decree, and a general judgment rendered in their favor.

After the sale of the road, but before the distribution of the money arising from the sale thereof, Clews & Company petitioned the Court to amend the original bill under which the road was sold, so as to allow them to set up, as a preferred claim, certain coupons which they alleged were due them for interest on certain described first mortgage bonds on the road, which they held as collateral security for the payment of the claim for which they had obtained the aforesaid general judgment.

The Court refused the application to amend the original bill after the decree in the cause had been rendered, as before stated, and the petitioners excepted.

The effect of allowing the amendment to the original bill would have been to have opened and set aside the decree of the Court—at least, so far as the petitioners' claim was concerned, which had been adjudicated by that decree. They were parties to the original bill, and if they had the claim which they now seek to set up when that original bill was pending, it was their duty to have set it up then, and to have had the judgment of the Court upon it. They state no good reason why they did not do so. They do not allege that they were prevented from setting up their claim for the interest due on the bond coupons by fraud, accident or mistake, or by the act of the adverse party, unmixed with negligence on their part. They had their day in Court as to all the claims they held against the company, which they thought proper to present for the consideration of the Court when the decree was rendered. They do not occupy the position of creditors who were not parties to a creditor's bill, and had no notice of the proceedings, or opportunity to have been heard in relation to their claims against the company. There was no error in the Court below in refusing to allow the amendment to the original bill, on the statement of facts disclosed by the record.

Let the judgment of the Court below be affirmed.